■ JOHN'S 53-26, INC., Doing Business as JOHN'S SERVICE STATION, Appellant, v CHILTON COMPANY, a Division of American Broadcasting Companies, Inc., Respondent. — In a libel action, plaintiff appeals from an order of the Supreme Court, Queens County (Lonschein, J.), dated October 17, 1980, which granted the defendant's motion to dismiss the complaint. Order modified by adding thereto, after the word "granted", the following: "except that defendant's

motion is denied insofar as it seeks dismissal of that part of the complaint which is based upon the photographs referred to in paragraphs '7' and '8' of the complaint and the respective headline and caption accompanying them." As so modified, order affirmed, with $50 costs and disbursements to the plaintiff. While we concur with Special Term that the article as a whole does not reasonably admit of an interpretation defamatory to the plaintiff, we believe that such a meaning may reasonably be ascribed to the photograph and headline which appear at the beginning of the article and to the other photograph depicting plaintiff's gas station and the caption accompanying that photograph, when these are considered apart from the text of the article. (See Restatement, Torts 2d, § 563; *Gambuzza v Time, Inc.*, 18 AD2d 351, 353-354; *Schermerhorn v Rosenberg*, 73 AD2d 276; *Shubert v Variety, Inc.*, 128 Misc 428, 430, affd 221 App Div 856.) It is for the jury to decide whether the defamatory sense was the meaning conveyed. (See *Schermerhorn v Rosenberg, supra*, p 283.) Hopkins, J. P., Mangano, Gulotta and Margett, JJ., concur.